BISCHOFF and McADAM, JJ., concur.

Judgment affirmed, with costs.

---

ADAM BUEHLER, Respondent, *v.* LOUISA WEIFFENBACH, Appellant.

(Supreme Court, Appellate Term, July, 1897.)

Real estate broker — Procuring cause of sale.

Where a real estate broker, employed to sell property at a price not fixed by the owner, produces a proposed purchaser, and the owner rejects his offer, does not dismiss the broker, but says that the purchaser " must offer more," and the owner, upon a proposition of purchase made by another broker, at first declines to negotiate with him upon the ground that the first broker has already brought him a purchaser, but subsequently sells the property to the person produced by the second broker at the price originally offered by the first proposed purchaser, a state of facts is presented which sufficiently indicates that the original broker has been the procuring cause of the sale, and he is entitled to recover his commissions of the owner.

APPEAL by defendant Louisa Weiffenbach from a judgment of the justice of the First District Court in favor of plaintiff. The action was originally brought against Sebastian Weiffenbach and Louisa, this appellant, but the complaint was dismissed as to him without objection, he being concededly the agent of Louisa Weiffenbach, his daughter, who was the owner of the property upon the sale of which commission is claimed.

George W. Weiffenbach, for appellant.

John Fennel, for respondent.

DALY, P. J.   This is an action to recover brokerage upon the sale of defendant's property, No. 524 East Eighty-third street, to one Sanderer for $20,500.   The plaintiff claimed that he had been employed by Sebastian Weiffenbach, defendant's authorized agent, to effect a sale, and that he introduced Sanderer and procured him to make the offer of $20,500 which, though at first refused, was subsequently accepted, when repeated by another broker.

Plaintiff took Sanderer to see Weiffenbach and make an offer, although those parties had previously had some conversation about a sale of the premises.   At that interview Sanderer offered $20,500 for the first time.   Weiffenbach asked $21,500.   The offer was subsequently made in a letter from plaintiff to Weiffenbach, who replied that "Sanderer must offer more."   Weiffenbach, according to plaintiff's evidence, promised to pay him a commission if he effected a sale.   Nothing further was done after October or November, until January following, when another broker again repeated Sanderer's offer, and defendant accepted it.

There is no evidence that Weiffenbach terminated plaintiff's agency, so as to permit of his dealing directly with plaintiff's customer and making the sale himself on the latter's terms, which plaintiff had procured.   On the contrary, when a third broker came to Weiffenbach to speak of a sale to Sanderer, Weiffenbach declined to negotiate through him on the ground that another agent who lived in Avenue A had brought Sanderer.   This other agent was identified as the plaintiff by the description that he lived in Avenue A.   It is plain, therefore, that it was understood at that time, which was about December, that the agency continued and that plaintiff had not abandoned his efforts and defendant had not terminated his authority.   The sale to Sanderer was made January 5th following.

This was not a case where the broker failed to procure a purchaser at the price named by his principal. . No price was fixed when plaintiff was at first authorized to find a customer; the price of $21,500 was first mentioned after the customer he brought had offered $20,500; and immediately after that we find him simply stating in reply to a repetition of the offer in writing that "Sanderer must offer more," which indicated a disposition to recede from his own figure, and required of plaintiff, in order to earn his commission, that the offer must be one which would prove satisfactory to plaintiff; if the offer already made proved satisfactory, it would seem that the commission was earned; although it cannot be doubted that, if defendants, after giving plaintiff a reasonable time to effect a sale, had given him notice that his agency was terminated, they would then have been at liberty to negotiate directly with the purchaser, Sanderer, without being liable to plaintiff for commissions. Sibbald v. Bethlehem Iron Works, 83 N. Y. 378. Defendant not having terminated plaintiff's agency, and plaintiff not having abandoned his efforts, and defendant having closed with the customer on the offer procured by plaintiff, the latter was entitled to commission.

Judgment affirmed, with costs.

McADAM and BISCHOFF, JJ., concur.

Judgment affirmed, with costs.